## SUCCESSION OF MAXWELL SOMMERVILLE.

Where the term has expired for which an executrix was appointed under a will admitted to probate in another state, and no evidence is offered of her re-appointment, she cannot be recognized as executrix by a Court of Probates in this state.

MARY FULTON SOMMERVILLE, styling herself testamentary executrix of the last will of her husband, Maxwell Sommerville, presented her petition to the Court of Probates for the parish of New Orleans, in which she alleged that duly authenticated copies of the last will of her husband, of the proof of its probate before the proper tribunal for the city and county of Philadelphia, and of the letters of executorship issued to her, had been presented to the court at a previous period, when the will was ordered to be filed and registered, and made executory, and a dative testamentary executor appointed, who entered upon the duties of his office, but subsequently applied for and obtained a discharge. The petition further states that there is a debt due the estate of the deceased in this state, for the recovery of which immediate steps should be taken ; and it concludes with a prayer that the petitioner may be recognized as executrix, and may be authorized to act as such in this state.

The certificate of the register for the probate of wills and issuing of letters of administration in the city and county of Philadelphia, filed in the Court of Probates, showed : " That on the 24th day of November, 1836, at Philadelphia, before me was proved and approved the last will and testament of Maxwell Sommerville, late of Philadelphia, deceased, (a true copy whereof is annexed), having whilst he lived, and at the time of his death, divers goods, chattels, rights, and credits within the said commonwealth, by reason whereof the approbation and insinuation of the said last will and testament, and the committing the administration of all and singular the goods,. chattels, rights, and credits which were of the said deceased, and also the auditing the accompts, calculations, and reckonings of the said administration, and absolute care of the same, to me are manifestly known to belong ; and that administration of all and singular the goods, chattels, rights, and credits of the said de-

ccased, any way concerning his last will and testament, was com-
mitted to Mary Fulton Sommerville, sole executrix in the said
testament named, she having first been duly affirmed, well and
truly to administer the goods, chattels, rights, and credits of the
said deceased, and make a true and perfect inventory thereof, and
exhibit the same into the register's office at Philadelphia, on or be-
fore the 24th day of December next, and to tender a true and just
accompt, calculation, and reckoning of the said administration on
or before the 24th day of November, 1838, or when lawfully re-
quired, and also to diligently and faithfully regard, and well and
truly comply with the provisions of the act relating to collateral in-
heritance." The original certificate was signed at Philadelphia,
the 24th of November, 1836.

*Bermudez*, Judge of the Court of Probates, having refused to
grant an order, recognizing the petitioner as executrix,

*Wray*, prayed for a mandamus to compel him to do so, citing 6
Martin, N. S., 622–3. 8 Ib., 236. 6 La., 690. 11 Ib., 573. 18
Ib., 570.

GARLAND, J. Mary F. Sommerville, widow of Maxwell Som-
merville, deceased, a resident of the state of Pennsylvania, obtain-
ed a rule on the Judge of the Court of Probates, requiring him to
show cause why a mandamus should not issue, to compel him to
recognize her as the testamentary executrix of the last will of her
aforesaid husband. With her petition, she filed a duly certified
copy of the will, which had been regularly admitted to probate in
the state of Pennsylvania, where she had duly qualified as execu-
trix in the year 1836, for the space of two years, at the expiration
of which time, or before, if it could be done, she was to render an
account of her administration. It further appears from the admis-
sions of the petitioner, that the will had already been duly regis-
tered and ordered to be executed, and that sometime past a dative
testamentary executor had been appointed by the respondent, who
for some cause, not apparent to us, had ceased to act as such, and
had been discharged.

The Judge of the Court of Probates has presented a variety of
reasons why a mandamus should not issue to compel him to recog-
nize the petitioner as the executrix of the will, only one of which it
is necessary to consider at present, which is, that the petitioner is

not now the executrix in Pennsylvania, and cannot be recognized as such in this state. An examination of the letters testamentary produced, shows that the petitioner qualified as executrix on the 24th of Nouember, 1836, and was compelled by the terms of the appointment to render a full and true account of her administration within two years after. It is thus conclusively shown that the term for which the petitioner was appointed has expired, and no evidence of her being continued or re-appointed has been exhibited; and that she has not been so continued is confirmed by the fact that when the will was first presented for registry and for an order of execution, a dative testamentary executor was appointed, which would not have been necessary, if the executrix named by the testator had been properly in the exercise of her functions.

The Judge of the Court of Probates was clearly right in refusing to recognize the petitioner as the executrix of the will of Maxwell Sommerville, deceased.

The rule is therefore discharged with costs.